[Cite as *Obar v. Obar* , 2011-Ohio-1019.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RICHARD DON OBAR | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | Hon. Julie A. Edwards, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 10-COA-016 |
| DIXIE LEE OBAR | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:        Ashland County Court of Common Pleas,
                                Domestic Relations Division,
                                Case No. 06-DIV-072


JUDGMENT:                       Reversed and Remanded


DATE OF JUDGMENT ENTRY:         March 4, 2011


APPEARANCES:


For Plaintiff-Appellant              For Defendant-Appellee


THOMAS L. MASON                      DIXIE LEE OBAR
Mason, Mason & Kearns                P.O. Box 413
P.O. Box 345                         Mount Vernon, Ohio 43050
153 West Main Street
Ashland, Ohio 44805

*Hoffman, P.J.*

{¶1} Plaintiff-appellant Richard Don Obar appeals the May 19, 2010 Judgment Entry entered by the Ashland County Court of Common Pleas, Domestic Relations Division, which ordered a deviation from the minimum child support, following this Court's remand. Defendant-appellee is Dixie Lee Obar.[1]

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant and Appellee were married on October 5, 1984. Two children were born as issue of such marriage, namely, Michael Edward Obar (DOB 4/13/93) and Michelle, who was emancipated as of the time of the filing.

{¶3} On March 29, 2006, Appellant filed a Complaint for Divorce against Appellee. Pursuant to Temporary Orders filed on May 15, 2006, Appellant was designated temporary residential parent and legal custodian of the minor child and Appellee was granted parenting time. Appellee, whose income was listed as unknown at the time, was ordered to pay child support in the amount of $50.00/month plus processing fee.

{¶4} Appellee filed a financial affidavit with the trial court in which she indicated she was disabled and had no income. In a supplemental affidavit, Appellee stated, in relevant part:

{¶5} "I was hospitalized in June, 2006 and was diagnosed as having congestive heart failure. The cost of my current medications is $584.50 per month. I do not know how much my medical expenses will be. In December, 2006, I was to be hospitalized for additional tests. However, my condition worsened and I was admitted to

---

[1] Appellee has not filed a brief in this matter.

Med Central Hospital on November 13, 2006. My doctor is considering having a defibrillator and pacemaker implanted. I was told I have an enlarged heart and that only a small part of it is functioning. I am now completely unable to work. I have always relied on just being a hard worker to get by in life and now I am disabled without much I can depend on or hope for the future."

{¶6} The parties appeared for hearing on July 26, 2007, and advised the magistrate they had reached an agreement as to all matters and wished to have the matter proceed as an uncontested divorce. The parties indicated, in part, they had agreed to enter into a shared parenting plan with regard to the minor child and no child support would be paid by either party. However, certain events occurred which prevented the trial court from adopting the parties' agreement. The parties had agreed the minor son would live with Appellee in Mount Vernon. Upon discovering the minor child was frequently absent from school and a truancy complaint had been filed against him, Appellant removed the minor child from Appellee's home. Appellee, in turn, withdrew her agreement to the allocation of parental rights and responsibilities. Additionally, Appellant, who had been awarded the marital property in the parties' agreement, received notice of a lien being placed upon the same. Appellee had incurred this debt and failed to disclose the fact. Finally, the trial court, in discussions with the parties, determined the parties' agreement did not contain a final property division.

{¶7} As a result, a contested divorce trial commenced on January 31, 2008. Appellant testified Appellee had been employed in the past in various homes doing home health care and also had worked in assisted living. Appellant introduced Plaintiff's Exhibit 3, which was a personal ad Appellee had placed on Yahoo in which she

represented she earned anywhere from $75,000.00 to over $99,000.00/year. Appellant testified this representation was untrue, and the most Appellee had ever earned was $31,000.00 or $32,000.00/year.  Appellant further testified he was employed by the Village of Perrysville, earning $1,400.00 every two weeks, before taxes. Appellant paid $111.92 every pay period to insure the minor child.

{¶8}   Appellee testified she was not employed because she had a heart condition and her doctors would not allow her work. She testified she has cardiomyopathy and diabetes and has been hospitalized many times since June, 2006. On cross-examination, Appellee testified, commencing around 2000, and continuing for four or five years, she was making over $30,000.00 a year taking care of the elderly in their homes. Appellee further testified that she had filed for Social Security Disability and that she received $115.00 a month from the county in disability.

{¶9}   Via Judgment Entry filed January 26, 2009, the trial court designated Appellant the residential parent and legal custodian of the minor child, and awarded parenting time to Appellee. The trial court did not order Appellee to pay child support based upon her "disability and the disparity in incomes between the parties' homes." The trial court found Appellant's PERS [Public Employees' Retirement System] was a marital asset and awarded $8,400.00 of the fund to Appellee. The trial court ordered Appellant to prepare and submit the final decree of divorce. The trial court issued a Judgment Entry on February 9, 2009, which contained findings of fact and conclusions of law.  The trial court filed the Judgment Entry Decree of Divorce on April 21, 2009.

{¶10} Appellant appealed the decision to this Court, assigning as error the trial court's failure to order Appellee to pay child support.  This Court sustained the

assignment of error, finding Appellee failed to present any medical verification or documentation as to her physical disabilities. *Obar v. Obar,* Ashland App. No. 09 COA 018, 2010-Ohio-1333 at para. 36. We reversed the trial court's decision and remanded the matter for further proceedings.

{¶11} Upon remand, the trial court "reconsider[ed] the issue of child support based upon the evidence introduced at the [final divorce] hearing." May 19, 2010 Judgment Entry Regarding Child Support. The trial court granted a deviation from the minimum child support amount of $50/month, and order Appellee to have no current child support obligation. The trial court found "[t]here was no evidence of medical verification of disability and therefore [Appellee's] physical disability is not a ground for deviating from the minimum support order." The trial court found, however, payment of the minimum child support order by Appellee would be unjust and inappropriate based upon the disparity in income between the parties' households. The trial court memorialized its decision via Judgment Entry Regarding Child Support filed May 19, 2010.

{¶12} It is from this entry which Appellant appeals, raising as his assignments of error:

{¶13} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY REFUSING TO ORDER THE APPELLEE, ON REMAND, TO PAY CHILD SUPPORT.

{¶14} "II. THIS ERROR IS REFLECTED IN THE RECORD IN THE JUDGMENT ENTRY REGARDING CHILD SUPPORT DATED MAY 19, 2010."

I & II

{¶15} Herein, Appellant contends the trial court erred, upon remand, in refusing to order Appellee to pay child support.

{¶16} In *Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028, the Ohio Supreme Court determined an abuse of discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶17} R.C. 3113.215(B)(1) requires the trial court calculate the amount of an obligor's child support obligation "in accordance with" the basic child support schedule set forth in R.C. 3113.215(D), the applicable worksheet in R.C. 3113.215(E) or (F), and other requirements of the law. R.C. 3113.215(E) and (F) both provide a sample or "model" worksheet and each provision directs the court to "use a worksheet that is identical in content and form" to the applicable model provided. Interpreting these provisions, the Ohio Supreme Court has held a child support computation worksheet as provided for in R.C. 3113.215 must actually be completed and made a part of the trial court's record. *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 601 N.E.2d 496, syllabus one.

{¶18} The trial court's failure to complete its own worksheet is not erroneous as long as the court clearly adopts one of the parties' worksheets. *Anderson v. Anderson,* 147 Ohio App.3d 513, 2002-Ohio-1156, 771 N.E.2d 303, at ¶ 85-86. However, the adopted worksheet must be a fully completed worksheet containing all of the

information that the trial court relied upon as mandated by statute. Id. It is reversible error for a trial court to include only a partial or incomplete worksheet in the record or to fail to clearly adopt a worksheet. *M.A.H. v. S.F.,* 8th Dist.No. 81544, 2003-Ohio-4049, 2003 WL 21757500, at ¶ 25-26; *Brown v. Brown* (Apr. 4, 2001), 9th Dist.No. 20177, 2001 WL 324391; *McCoy v. McCoy* (1995), 105 Ohio App.3d 651, 655, 664 N.E.2d 1012.

{¶19} We find the trial court failed to include a child support calculation worksheet in the record. Although our review of the record reveals Appellee filed a completed worksheet on April 16, 2008, which she attached to her post-trial brief, the trial court did not adopt, refer to, or attach that completed worksheet to its order. Such failure constitutes reversible error.

{¶20} Accordingly, we sustain both of Appellant's assignments of error.

{¶21} The trial court's judgment is reversed, and the case is remanded for further proceedings.

By: Hoffman, P.J.

Edwards, J. and

Delaney, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

RICHARD DON OBAR                          :
                                          :
    Plaintiff-Appellant                   :
                                          :
-vs-                                      :                    JUDGMENT ENTRY
                                          :
DIXIE LEE OBAR                            :
                                          :
    Defendant-Appellee                    :                    Case No. 10-COA-016


For the reason stated in our accompanying Opinion, the trial court's judgment is reversed and the case is remanded for further proceedings in accordance with our Opinion and the law.  Costs to Appellee.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY