[Cite as *Constance v. Constance*, 2015-Ohio-3244.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JOHN D. CONSTANCE | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 14CA0009 |
| | : | |
| LYDIA L. CONSTANCE | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Morrow County Court of
                             Common Pleas, Domestic Relations
                             Division, Case No. 2006DR00238

JUDGMENT:                    AFFIRMED IN PART; REVERSED IN
                             PART AND REMANDED

DATE OF JUDGMENT ENTRY:      August 11, 2015

APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

No Appearance                           BRENT L. ENGLISH
                                        The 820 Building
                                        820 Superior Ave. West, 9th Floor
                                        Cleveland, OH 44113-1818

*Delaney, J.*

{¶1} Defendant-Appellant Lydia L. Constance appeals the July 28, 2014 judgment entry of the Morrow County Court of Common Pleas, Domestic Relations Division.

**FACTS AND PROCEDURAL HISTORY**

{¶2} Plaintiff-Appellee John L. Constance ("Husband") and Defendant-Appellant Lydia L. Constance ("Wife") entered into an antenuptial agreement on June 19, 1996. Relevant to this appeal, the antenuptial agreement stated in pertinent part:

(3) All assets and property held by the parties at the time of the marriage shall continue to be separately held. All gifts, bequests, or devises to either party individually during the course of the marriage shall also be separately held by such party, subject to the control and management of such party as if no marriage had been entered into.

Separate property shall include any increase in value during the marriage (from whatever source derived) to property held by each party prior to the marriage and gifts, bequests, and devises received by either party individually during the marriage.

* * *

(5) The parties have made full disclosure to each other of all properties and assets (including expectancies) presently owned by each of them and of the income derived therefrom and from all other sources and agree that each party shall have sole management, control, and disposition of the

property so owned as described in Exhibits A and B which are thereby

made a part of this contract.

Exhibit A of the antenuptial agreement listed Wife's premarital assets. Wife stated she

had $5,000.00 interest in real estate located at 9296 Troy Township Road, Lexington,

Ohio. Wife also listed her retirement fund through the State Employees Retirement

System valued as $11,558.00 as of June 1996. Exhibit B of the antenuptial agreement

listed Husband's premarital assets. He stated he had $39,000.00 interest in 9296 Troy

Township Road, Lexington, Ohio.

{¶3} Husband and Wife were married on June 22, 1996. Two children were

born as issue of the marriage: J.C.C., born October 18, 1998 and E.L.C., born May 30,

2000.

{¶4} Husband and Wife separated on February 7, 2006.

{¶5} Husband filed a complaint for divorce on June 12, 2006. In the complaint,

Husband requested "the Court grant the enforcement of the parties Pre-nuptial

Agreement dated June 19, 1996." Wife filed an Answer and Counterclaim on August 10,

2006. In paragraph 5 of Wife's affirmative defenses, she stated the alleged antenuptial

agreement was not enforceable.

{¶6} The trial court appointed a Guardian ad Litem for the children.

{¶7} On March 24, 2010, a visiting judge was assigned to hear the matter. The

case came on for a final hearing in June 2010. The trial court stated on the record that it

had conducted an in camera interview with the children.

{¶8} After the trial, the parties filed proposed findings of fact and conclusions of law. Wife submitted a child support calculation worksheet as part of Wife's proposed findings of fact and conclusions of law.

{¶9} On October 20, 2010, the trial court issued a judgment entry with findings of fact and conclusions of law. Husband was ordered to prepare a final judgment and decree of divorce. On July 28, 2014, the trial court issued the final judgment and decree of divorce.

{¶10} It is from this judgment Wife now appeals.

{¶11} Husband did not file a responsive appellate brief. Pursuant to App.R. 18(C), "[i]f an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

## ASSIGNMENTS OF ERROR

{¶12} Wife raises 13 Assignments of Error:

{¶13} "I. THE TRIAL COURT ERRED IN ENFORCING THE ANTENUPTIAL AGREEMENT BECAUSE IT WAS COERCIVELY OBTAINED AND WAS THE RESULT OF JOHN'S OVERREACHING.

{¶14} "II. LYDIA DID NOT WAIVE HER DEFENSES TO THE ENFORCEABILITY OF THE ANTENUPTIAL AGREEMENT.

{¶15} "III. THE TRIAL COURT ERRED IN FINDING THAT JOHN MADE FULL DISCLOSURE, OR THAT LYDIA HAD FULL KNOWLEDGE AND UNDERSTANDING OF THE NATURE, VALUE AND EXTENT OF JOHN'S PROPERTY.

{¶16} "IV. THE TERMS OF THE ANTENUPTIAL AGREEMENT ENCOURAGED PROFITEERING BY DIVORCE.

{¶17} "V. THE ANTENUPTIAL AGREEMENT CONTAINS DIRECTLY CONFLICTING PROVISIONS RENDERING IT UNENFORCEABLE.

{¶18} "VI. ASSUMING THE ANTENUPTIAL AGREEMENT WAS ENFORCEABLE, THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO COMPLY WITH ITS TERMS.

{¶19} "VII. THE TRIAL COURT ERRED IN FINDING THAT LYDIA HAD 'WRONGFULLY CONVERTED' JOHN'S HALF OF THEIR 2005 FEDERAL INCOME TAX REFUND AND IN REQUIRING HER TO PAY HIM HALF OF THE VALUE OF THE REFUND BY A DATE CERTAIN.

{¶20} "VIII. THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING LYDIA TO PAY JOHN FOR ONE-HALF OF THE TIMBER PROCEEDS.

{¶21} "IX. THE TRIAL COURT ABUSED ITS DISCRETION IN ITS DIVISION OF ASSETS AND BY INCLUDING DEADLINES WHICH EXPIRED YEARS BEFORE THE JUDGMENT.

{¶22} "X. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY REFUSING TO ORDER A COMPREHENSIVE NEUROPSYCHOLOGICAL EVALUATION AND BY ORDERING COMPLIANCE WITH A COUNSELOR'S

RECOMMENDATIONS WITHOUT KNOWING WHAT THOSE RECOMMENDATIONS WOULD BE.

{¶23} "XI. THE TRIAL COURT ERRED BY FAILING TO RECORD THE IN CAMERA INTERVIEWS.

{¶24} "XII. THE TRIAL COURT ERRED BY FAILING TO ATTACH A CHILD SUPPORT WORKSHEET.

{¶25} "XIII. THE TRIAL COURT ERRED BY NOT DETERMINING THE AMOUNT OF FEES OWED TO THE GUARDIAN *AD LITEM*, THE REASONABLENESS AND NECESSITY OF THOSE FEES, AND HOW THEY ARE TO BE ALLOCATED."

## ANALYSIS

### *Antenuptial Agreement*

{¶26} Wife argues in her first, second, third, fourth, and fifth Assignments of Error that the trial court erred when it found the antenuptial agreement was enforceable. Wife's arguments focus on the trial court's evaluation of the competing evidence at trial and, therefore, maintains the trial court's decision was against the manifest weight of the evidence. We disagree.

{¶27} When the weight of the evidence is challenged in a civil case, the appellate court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered ." (Alterations in original.) *Vanderbilt v. Vanderbilt*, 9th Dist. Medina Nos. 11CA0103-M, 11CA0104-M, 2013-Ohio-

1222, ¶¶ 5-6 quoting *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012–Ohio–2179, 972 N.E.2d 517, ¶ 20, quoting *Tewarson v. Simon,* 141 Ohio App.3d 103, 115 (9th Dist.2001).

{¶28} The parties in this case had lived together as a couple since 1988. Husband and Wife were to be married on June 22, 1996. Wife testified that when they went to apply for their marriage license approximately a week before the wedding, Husband told her they would need an antenuptial agreement to be married. Wife stated she and Husband had never before discussed an antenuptial agreement. Wife said Husband made the appointment with the attorney and provided the attorney with the list of their assets. On June 19, 1996, Wife signed the agreement without the opportunity to review the agreement. She testified at the hearing she felt she had no choice but to sign the agreement because the wedding was to take place in three days.

{¶29} Husband testified at the hearing he had no involvement in contacting the attorney or providing the attorney information for the antenuptial agreement. Husband denied paying the attorney. He said the first time he met the attorney was on June 19, 1996 when he signed the antenuptial agreement.

{¶30} The attorney who prepared the antenuptial agreement testified at trial and stated she did not recall meeting with the parties. She did provide the parties' work file, which had Wife's name on the work file. The attorney stated that per her office procedures, her office places the client's name on the work file.

{¶31} In Ohio, public policy allows for the enforcement of antenuptial agreements. *Burdick v. Burdick*, 11th Dist. Ashtabula No. 2013-A-0030, 2014-Ohio-

2876, ¶ 21 citing *Gross v. Gross,* 11 Ohio St.3d 99, 464 N.E.2d 500 (1984), paragraph one of the syllabus. In *Gross,* the Court stated:

> Such agreements are valid and enforceable (1) if they have been entered into freely without fraud, duress, coercion, or overreaching; (2) if there was full disclosure, or full knowledge and understanding of the nature, value and extent of the prospective spouse's property; and (3) if the terms do not promote or encourage divorce or profiteering by divorce.

*Id.* at paragraph two of the syllabus. The Ohio Supreme Court defined fraud, duress, coercion, and overreaching according to their generally accepted meanings. *Id.* at 105, 464 N.E.2d 500.

{¶32} The antenuptial agreement in this case does not refer to spousal support. The antenuptial agreement references only the parties' property. The Supreme Court stated that as to the trial court's consideration of the division of property in an antenuptial agreement:

> Upon the consideration of provisions relating to the division or allocation of *property* at the time of a divorce, the applicable standards must relate back to the time of the execution of the contract and not to the time of the divorce. As to these provisions, if it is found that the parties have freely entered into an antenuptial agreement, fixing the property rights of each, a court should not substitute its judgment and amend the contract. A perfect or equal division of the marital property is not required to withstand scrutiny under this standard.

*Gross v. Gross*, 11 Ohio St.3d 99, 108-09, 464 N.E.2d 500, 509 (1984).

{¶33} When application of a prenuptial agreement leads to a distribution "disproportionately less than the party challenging it would have received under an equitable distribution," the party asserting the validity of the agreement must demonstrate "that the other party entered into it with the benefit of full knowledge or disclosure of the assets of the proponent." *Vanderbilt v. Vanderbilt*, 2013-Ohio-1222, ¶ 7 quoting *Fletcher v. Fletcher,* 68 Ohio St.3d 464, 628 N.E.2d 1343 (1994), paragraph one of the syllabus.

{¶34} Wife argues the antenuptial agreement is unenforceable for the three reasons stated in *Gross*. She first states that she entered the agreement under duress due to the impending wedding. She next argues Husband did not disclose to her the extent of his property. Finally, she contends that if the agreement is enforced as written, Husband will profit from the divorce.

{¶35} The trial court held in the July 28, 2014 final decree of divorce that Wife failed to show the antenuptial agreement was overreaching or obtained through fraud or duress. The trial court further found in its judgment that Wife failed to plead these issues or amend her answer to include these elements and therefore her arguments were waived. We find that considering the procedural history of this case, Husband was notified of Wife's position as to the enforceability of the antenuptial agreement. Wife repeatedly brought her arguments as to the enforceability of the antenuptial agreement before the trial court. We therefore consider Wife's arguments as to the enforceability of the antenuptial agreement. Upon our review of the competing evidence at trial, we find the trial court's decision that the antenuptial agreement is enforceable was supported by competent and credible evidence.

{¶36} Wife's first, second, third, fourth, and fifth Assignments of Error are overruled.

### Wife's State Employees Retirement Fund

{¶37} Wife argues in her sixth Assignment of Error that the trial court erred when it found the antenuptial agreement was enforceable but divided Wife's State Employees Retirement Fund between Husband and Wife. We agree.

{¶38} The antenuptial agreement stated:

(3) All assets and property held by the parties at the time of the marriage shall continue to be separately held. All gifts, bequests, or devises to either party individually during the course of the marriage shall also be separately held by such party, subject to the control and management of such party as if no marriage had been entered into.

Separate property shall include any increase in value during the marriage (from whatever source derived) to property held by each party prior to the marriage and gifts, bequests, and devises received by either party individually during the marriage.

* * *

(5) The parties have made full disclosure to each other of all properties and assets (including expectancies) presently owned by each of them and of the income derived therefrom and from all other sources and agree that each party shall have sole management, control, and disposition of the property so owned as described in Exhibits A and B which are thereby made a part of this contract.

The antenuptial agreement listed Wife's State retirement fund through the State Employees Retirement System valued as $11,558.00 as of June 1996 as Wife's separate property.

{¶39} In the July 28, 2014 final decree, the trial court determined Wife had a pension with SERS that the court found to be marital property subject to an equitable division. Pursuant to the terms of the antenuptial agreement, Wife's State Employee Retirement Fund is separate property and not subject to division.

{¶40} Wife's sixth Assignment of Error is sustained.

### *2005 Income Tax Refund*

{¶41} In her seventh Assignment of Error, Wife contends the trial court erred in determining that Wife owed Husband one-half of the 2005 income tax refund. We disagree.

{¶42} Wife filed a joint income tax return for Husband and Wife for the 2005 tax year. Wife and Husband were entitled to a refund in the amount of $5,253.00. Wife received the refund and deposited the amount into her personal savings account.

{¶43} At trial, Husband argued he was entitled to one-half of the 2005 income tax refund. Wife argued she utilized the funds to pay for living expenses for herself and the children. Husband and Wife separated on February 7, 2006. In February 2006, Husband stopped contributing for payment of the mortgage, taxes, insurance, and other household expenses. The trial court ordered Husband to pay child support beginning May 11, 2007.

{¶44} In the final decree, the trial court ordered Wife to pay Husband one-half of the 2005 income tax refund in the amount of $2,626.00.

{¶45} R.C. 3105.171(B) requires equitable distribution of marital and separate property. The trial court is vested with broad discretion in determining the appropriate scope of these property awards. Although its discretion is not unlimited, it has authority to do what is equitable. *Holcomb v. Holcomb,* 44 Ohio St.3d 128, 541 N.E.2d 597 (1989). A trial court's decision allocating marital property and debt will not be reversed absent an abuse of discretion. *Id.* An abuse of discretion is more than a mere error; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An unequal division does not in and of itself constitute an abuse of discretion. *Kaechele v. Kaechele,* 35 Ohio St.3d 93, 518 N.E.2d 1197 (1988). Further, a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.,* 54 Ohio St.2d 279, 280, 376 N.E.2d 578 (1978).

{¶46} Husband and Wife did not separate until February 7, 2006. The income tax refund was for the 2005 tax year. While the evidence showed that Wife earned more money than Husband, Husband did contribute a small percentage of the parties' joint gross income. The trial court did not abuse its discretion in finding the 2005 income tax refund was a marital asset to be divided equitably.

{¶47} Wife's seventh Assignment of Error is overruled.

### *Timber Sale Proceeds*

{¶48} Wife argues in her eighth Assignment of Error that the trial court abused its discretion when it ordered Wife to pay Husband one-half of the proceeds she received from selling timber from the marital property. We disagree.

{¶49} In October 2006, Wife sold timber from the marital property for $4,165.10. A restraining order was issued by the trial court on January 8, 2007. Husband argued at trial he was entitled to one-half of the proceeds of the timber sale in the amount of $2,082.00. In the final decree, the trial court ordered Wife to pay Husband $2,082.00.

{¶50} R.C. 3105.171(B) requires equitable distribution of marital and separate property. The trial court is vested with broad discretion in determining the appropriate scope of these property awards. Although its discretion is not unlimited, it has authority to do what is equitable. *Holcomb v. Holcomb,* 44 Ohio St.3d 128, 541 N.E.2d 597 (1989). A trial court's decision allocating marital property and debt will not be reversed absent an abuse of discretion. *Id.* An abuse of discretion is more than a mere error; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An unequal division does not in and of itself constitute an abuse of discretion. *Kaechele v. Kaechele,* 35 Ohio St.3d 93, 518 N.E.2d 1197 (1988). Further, a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.,* 54 Ohio St.2d 279, 280, 376 N.E.2d 578 (1978).

{¶51} Wife argues the trial court abused its discretion when it ordered her to pay Husband one-half of the timber sale proceeds. Upon our review of the record, we find no abuse of discretion for the trial court to determine the timber located on the property of the marital home was marital property to be divided equitably.

{¶52} Wife's eighth Assignment of Error is overruled.

### *Division of Assets and Expired Deadlines*

{¶53} Wife argues in her ninth Assignment of Error that the trial court erred in its division of assets and in the deadlines the trial court established for the payment of such assets by Wife to Husband.

{¶54} Wife first argues the trial court's calculations in the final decree were incorrect. Upon our review, we find a mathematical error as to the value of the motor vehicles. The trial court awarded Husband four motor vehicles, but only three motor vehicles had value. The final decree set the value of the vehicles as being $2,725.00, $1,750.00, and $1,840.00. We find the value of the motor vehicles as determined by the trial court is supported by competent and credible evidence. The trial court, however, incorrectly calculated the total amount of the vehicles as $6,135.00 to be awarded to Husband. The correct value is $6,315.00. The trial court then ordered Husband to pay Wife $1,417.00 as the difference between the motor vehicles awarded to Husband minus the 2005 tax refund and the timber proceeds Wife was to pay Husband. The correct figure should be $1,607.00.

{¶55} In another part of the final decree, however, the trial court orders Wife to pay Husband $2,082 by December 1, 2010, which represented the share of the proceeds from the timber sale. We will consider the deadline of December 1, 2010 as to the payment for the timber sale to be a typographical error.

{¶56} At trial, the visiting judge described the present case as one that languished. The complaint was filed in 2006. The trial was held in 2010. The final decree was filed in 2014. The trial court set deadlines for payment by Wife to Husband for 2010 and 2011, but the final decree was not filed until 2014. From the record, we are

unaware if Wife met these deadlines; but as the final decree was not issued until July 28, 2014, we find these deadlines to be moot.

{¶57} We reverse the July 28, 2014 final decree and remand the matter to the trial court to review and correct the math calculations and to establish new deadlines that correspond with the date of the final entry.

{¶58} Wife's ninth Assignment of Error is sustained.

### *Counseling for the Children*

{¶59} In Wife's tenth Assignment of Error, Wife argues the trial court erred and abused its discretion when it ordered the children attend reunification counseling.

{¶60} This Court has reviewed the entire record in this case. On December 18, 2014, the trial court issued a judgment entry withdrawing its order for counseling for the children.

{¶61} We find Wife's tenth Assignment of Error is moot pursuant to the December 18, 2014 judgment entry and we overrule the same.

### *Record of the In Camera Interview with the Children*

{¶62} Wife contends in her eleventh Assignment of Error that the trial court failed to record the in camera interviews with the children, which is a reversible error.

{¶63} On June 14, 2010, Wife filed a motion for an in camera interview with the children to be recorded. The trial court stated that it conducted an in camera interview with the children in the presence of the Guardian ad Litem. A search of the record in this case finds no evidence that the in camera interview was recorded.

{¶64} Wife argues on appeal that the record of the in camera interview is relevant because the trial court ordered the children to attend reunification counseling.

This Court has found in the record, however, that on December 18, 2014, the trial court issued a judgment entry withdrawing its order for counseling for the children.

{¶65} We find that in light of the December 18, 2014 judgment entry resolving the issue of reunification counseling for the children, Wife was not prejudiced by the trial court's failure to record the in camera interview. *In re L.L.*, 3rd Dist. Logan Nos. 8-14-25, 8-14-26, 8-14-27, 2015-Ohio-2739, ¶ 52.

{¶66} Wife's eleventh Assignment of Error is overruled.

### *Child Support Computation Worksheet*

{¶67} Wife argues in the twelfth Assignment of Error that the trial court erred in failing to attach a child support worksheet to the final decree.

{¶68} On August 17, 2010, Wife submitted proposed findings of facts and conclusions of law. Wife attached as an exhibit a proposed child support calculation worksheet. Based on Wife's proposed child support calculation worksheet, Father was to pay $365.67 in child support.

{¶69} The July 28, 2014 final decree ordered Husband to pay child support in the amount of $365.67. The trial court failed to attach a child support worksheet to the final decree.

{¶70} In *Obar v. Obar*, 5th Dist. Ashland No. 10-COA-016, 2011-Ohio-1019, this Court held the trial court's failure to adopt, refer to, or to attach a completed child support calculation worksheet was reversible error. A review of the July 28, 2014 final decree shows the trial court did not adopt, refer to, or attach a completed child support calculation worksheet to the final decree. Such failure constitutes reversible error.

{¶71} Wife's twelfth Assignment of Error is sustained.

### *Guardian ad Litem Fees*

{¶72} In the July 28, 2014 final decree, the trial court stated each party would be responsible for any fees owed to the Guardian ad Litem. Wife assigns this as error, arguing the GAL did not move for fees to be assessed to the parties and the trial court never determined the amount of fees.

{¶73} A trial court's appointment of a GAL and award of fees must be upheld absent an abuse of discretion. *Gabriel v. Gabriel,* 6th Dist. Lucas No. L–08–1303, 2009–Ohio–1814, ¶ 15. In the final decree, the trial court ordered the parties to pay the GAL fees. We do not find this general order to be an abuse of discretion. If the GAL files a motion for the assessment of fees, the matter can be addressed by the trial court at that time.

{¶74} Wife's thirteenth Assignment of Error is overruled.

**CONCLUSION**

{¶75} The July 28, 2014 judgment entry of the Morrow County Court of Common Pleas, Domestic Relations Division is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion and law.

By:  Delaney, J.,

Hoffman, P.J. and

Wise, J., concur.